Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Veronica Cruz, Esq. (SBN 318648)
veronica@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fisher Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Corey P. Hanrahan, Esq. (SBN 256835)
corey@hanrahanfirm.com
**THE HANRAHAN FIRM**
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 377-6522
E-fax: (619) 377-6662

Attorneys for Plaintiff,
JESSE BANAGA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFRONIA

| | |
|---|---|
| JESSE BANAGA, individually and on behalf of all others similarly situated, | Case No. **'18CV2756 BEN KSC** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| v. | 1. INTERFERENCE, RETALIATION AND DISCRIMINATION UNDER THE FAMILY AND MEDICAL LEAVE ACT [29 U.S.C. §§ 2601, *et seq.*]; and |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | |
| Defendant. | 2. DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT [42 U.S.C. §§ 12101, *et seq.*] |
| | **[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1.      Plaintiff JESSE BANAGA ("Banaga" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY ("Defendant") in intentionally and willfully interfering, discriminating, and retaliating against Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA").

2.      Plaintiff also brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendant discriminating against Plaintiff on account of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*

3.      Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4.      The FMLA was enacted to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity. 29 U.S.C. § 2601(b)(1).

5.      The ADA prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

6.      Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

///

///

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2     7.     On or about June 26, 2018, Plaintiff filed his charge of discrimination

3 with the Equal Employment Opportunity Commission ("EEOC"). Thereafter, on

4 September 10, 2018, Plaintiff received from the EEOC his "Right to Sue Letter"

5 which is attached hereto as "EXHIBIT A."

6

## JURISDICTION AND VENUE

7     8.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §

8 1331 because this case arises out of the FMLA, 29 U.S.C. §§ 2601, *et seq*., and the

9 ADA, 42 U.S.C. § 12101, *et seq*., both of which are federal statutes.

10     9.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2)

11 because (i) the events giving rise to Plaintiff's claims occurred in this District; (ii)

12 Plaintiff resides in this District; and (iii) Defendant transacts business within this

13 District.

14     10.     Upon information and belief, Defendant regularly and continuously

15 conducts business within this District, and thus, personal jurisdiction is established.

16

## PARTIES

17     11.     Plaintiff, at all times mentioned herein, is and was a resident of the

18 County of San Diego, in the State of California.

19     12.     Plaintiff is informed and believes and thereon alleges that Defendant

20 is a Maryland corporation doing business in the State of California, County of San

21 Diego.

22     13.     Defendant is an "employer" as defined by 29 U.S.C. § 2611(4). At all

23 times relevant, Defendant engaged in commerce or in any industry or activity

24 affecting commerce, and employed 50 or more employees for each working day

25 during each of 20 or more calendar workweeks in the current or proceeding

26 calendar year.

27     14.     Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(a). At

28 all times relevant, Defendant engaged in an industry affecting commerce, and

employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

15.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

16.     Plaintiff began his employment with Defendant on or about April 30, 2001 as a Customer Service Representative.  In January 10, 2015, Plaintiff was transferred to the Sales Department where he worked as a Sales Representative. In 2017, Plaintiff began experiencing acute stress and anxiety. As a result, Plaintiff filed for FMLA leave in February 2017. During Plaintiff's employment, he performed his job duties in a capable and competent manner.

17.     Defendant utilized a specific calculation to determine employee pay entitlement for individuals in the Sales Department, and likely other departments. During Plaintiff's employment with Defendant, Defendant utilized a rating system referred to as the "Power Selling Ratio" ("PSR") score.  The PSR score is directly impacted by an employee's attendance during the selling period.

18.     Importantly, Defendant does not make adjustments to employees' PSR scores (or any factors that go into the calculation) to factor in protected leaves, such as leave pursuant to the FMLA, or any state equivalent. Therefore, compensation considerations and performance standards are directly, negatively impacted by protected leaves, such as those pursuant to the FMLA.

19.     Defendant sets a "quota" at, or near, the beginning of a selling period for individuals in Defendant's Sales Department, and likely other departments (e.g., an employee is expected to sell 80 policies over the course of the month). This quota is the same for all employees, and is not set specifically for any certain employee or category of employees (therefore, employees on protected leaves are measured against the same quota as those employees not on protected leaves). An employee's performance is then measured against that quota. Every sale that an

employee makes above the set quota goes towards calculating the employee's bonus for that selling period. Therefore, if an employee does not make their quota for the selling period, they are not eligible for a bonus. Furthermore, Plaintiff is informed and believes and thereon alleges that an employee's performance compared to the quota is also utilized to make employment actions, like promotions and monetary raises.

20.     Despite the employee's performance compared to the set quota being the factor to determine the amount of an employee's bonus entitlement, the employee only earns the bonus if they have a high enough PSR score at the end of the selling period. In other words, while the employee's sales compared to the quota determine the amount of an employee's bonus, the employee's PSR score determines whether or not the employee will actually be paid that monthly bonus (which is part of the employee's compensation plan).

21.     The PSR score is a factor that considers the number of policies an employee sells compared to the number of policies sold by other of Defendant's employees. Therefore, the person with the greatest number of policies sold during a selling period will have the highest PSR score, and the person with the least number of policies sold during that same selling period will have the lowest PSR score.

22.     Therefore, there is a direct correlation between the number of days that an employee works and both factors that Defendant relies on to determine bonus entitlement.

23.     First, the number of days that an employee works is directly related to the likelihood of selling policies above the set quota. If an employee is on protected leave pursuant to the FMLA for a large portion of a month, despite it being protected leave, it is highly unlikely (if not impossible) for the employee to reach quota. As stated herein, although Defendant could factor in the employee's protected leave to prorate the quota, it does not. Therefore, employees who are on

protected leave pursuant to FMLA are being negatively impacted by Defendant's rigid, set quota.

24.     Second, the number of days that an employee works is also directly related to the likelihood of a high PSR score. Once again, while Defendant has the ability to factor in protected leaves into the PSR score calculation, it does not. Therefore, pursuant to Defendant's implementation and calculation of the PSR score, employees who are on protected leaves, including leaves pursuant to the FMLA, suffer negative impacts to their PSR scores.

25.     Plaintiff believes and thereon alleges that this adverse impact to his pay, both in not adjusting the quota or PSR scores based on the use of protected leaves, constitutes interference with the right to take, retaliation in violation of, and discrimination for the use of the FMLA.

26.     Plaintiff further believes and thereon alleges that this adverse impact to his pay, both in not adjusting the quota or PSR scores based on the use of protected leaves, constitutes disability discrimination in violation of the ADA. While possibly not on FMLA, employees with disabilities may be provided reduced or modified work schedules to accommodate disabilities. Much like using FMLA leave, these individuals with disabilities are negatively impacted by Defendant's pay system due to missing work based on a disability or medical condition.

27.     In failing to take protected leaves into consideration in determining compensation entitlements (e.g., bonus amounts and entitlements), and failing to make adjustments to the quota and PSR score for disability related absences (e.g., reduced work schedules or absences provided as accommodations for disabilities), Defendant is making the use of protected leaves and leaves due to disabilities a negative factor in Plaintiff's, and other employees', employment actions (up to and including demotion and termination).

///

# CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of himself and all others similarly situated (the "Classes").

29.     Plaintiff represents, and is a member of the following Classes:

## FMLA Class

All current and former employees of Defendant Government Employees Insurance Company who were in a role that utilized quotas and PSR scores that took leave pursuant to the Family and Medical Leave Act ("FMLA") and who were retaliated against for taking FMLA leave within the three years prior to the filing of this Complaint.

## ADA Class

All qualified current and former employees of Defendant Government Employees Insurance Company who suffered from a disability and were provided any leaves or reduced/modified work schedules on the basis of the disability, and who were in a role that utilized quotas and PSR scores, who were discriminated on the basis of a disability in regard to advancement, employee compensation, and other terms, conditions, and privileges of employment in violation of the American with Disabilities Act.

30.     Plaintiff does not know the number of members in the Classes, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

31.     Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, interfered with employees' rights to take FMLA leave, and retaliated and discriminated against its employees for taking FMLA leave, thereby causing Plaintiff and the Class members damages. Defendant also, either directly or

through its agents, discriminated against employees who suffered from disabilities that required a reduced or modified work schedule, by employing illegal factors for employment actions, thereby causing Plaintiff and the Class members damages.

32.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Classes definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33.     **Numerosity**. The joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court.  The Classes can be identified through Defendant's employment records.

34.     **Existence and Predominance of Common Questions of Law and Fact**. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

    a.  Whether, within the three years prior to the filing of this Class Complaint, Defendant retaliated against Plaintiff and Class Members for requesting and taking FMLA leave;

    b.  Whether the PSR score is directly impacted by an employee's attendance during the selling period;

    c.  Whether Defendant makes adjustments to employees' PSR scores to factor in FMLA leave;

    d.  Whether Defendant's compensation considerations and performance standards are negatively impacted by FMLA leave;

    e.  Whether Defendant discriminated against Plaintiff and other qualified individuals on the basis of disability in regard to advancement,

employee compensation, and/or other terms, conditions, and privileges of employment in violation of the ADA;

f.   Whether Defendant's conduct was willful;

g.   Whether Plaintiff and the members of the Classes were damaged thereby, and the extent of damages for such violations;

h.   Whether Defendant should be enjoined from engaging in such conduct in the future; and

i.   Whether Plaintiff and the Class members are entitled to any other relief.

35.   **Typicality**. As a person who failed to meet his quota or suffered a negative impact to his PSR score for taking FMLA leave pursuant to 29 U.S.C. § 2615(a)(1) or based on a disability, Plaintiff is asserting claims that are typical of the Classes.  Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

36.   Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37.   **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of employment rights.

38.   **Superiority**. A class action is a superior method for the fair and

efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with the FMLA and the ADA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of FMLA and/or ADA may be minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39.     Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

## INTERFERENCE, RETALIATION AND DISCRIMINATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

## [29 U.S.C. §§ 2601, *et seq*.]

40.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

41.     An employer is prohibited from interfering with, or retaliating or discriminating against an employee for having exercised or attempted to exercise any FMLA right. 29 U.S.C. §§ 2601, *et seq*.

42.     Defendant is an "employer" covered by the FMLA, pursuant to 29 U.S.C. § 2611(4).

43.     Plaintiff was entitled to leave under the FMLA, pursuant to 29 CFR 825.114.

44.     Defendant engaged in prohibited conduct under the FMLA by interfering, discriminating, and retaliating against Plaintiff and Class Members for having exercised their FMLA rights.

45.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and Class Members have sustained and continue to sustain substantial employment benefits and employment opportunities, and Plaintiff and Class

1  Members have suffered other economic losses in an amount to be determined at

2  trial.

3      46.    As a direct, foreseeable, and proximate result of Defendant's conduct,

4  Plaintiff and Class Members have suffered and continue to suffer humiliation,

5  emotional distress, loss of reputation, and mental and physical pain and anguish, all

6  to Plaintiff and Class Members' damages to in a sum to be established according to

7  proof.

8      47.    As a result of Defendant's deliberate, outrageous, despicable conduct,

9  Plaintiff and Class Members are entitled to recover punitive and exemplary

10  damages in an amount commensurate with Defendant's wrongful acts and

11  sufficient to punish and deter future similar reprehensible conduct.

12      48.    In addition to such other damages as may properly be recovered

13  herein, Plaintiff and Class Members are entitled to recover prevailing party

14  attorneys' fees, expert witness fees, and costs pursuant to 29 U.S.C. § 2617(a)(3).

15                    **SECOND CAUSE OF ACTION**

16  **DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS**

17                    **WITH DISABILITIES ACT**

18                    **[42 U.S.C. §§ 12101, *et seq.*]**

19      49.    Plaintiff re-alleges and incorporates by reference each and every

20  allegation contained in the preceding paragraphs as though fully set forth herein.

21      50.    The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*,

22  prohibits employers from discriminating against qualified individuals because of a

23  disability "in regard to job application procedures, the hiring, advancement, or

24  discharge of employees, employee compensation, job training, and other terms,

25  conditions, and privileges of employment." 42 U.S.C. § 12112.

26      51.    Defendant is a covered employer to which the ADA applies.

27      52.    Defendant and Class Members were discriminated against solely on

28  account of a disability.

---

CLASS ACTION COMPLAINT FOR DAMAGES

11

53.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and Class Members have sustained and continue to sustain substantial employment benefits and employment opportunities, and Plaintiff and Class Members have suffered other economic losses in an amount to be determined at trial.

54.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered and continue to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to Plaintiff Class Members' damages to in a sum to be established according to proof.

55.     As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff and Class Members are entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

56.     In addition to such other damages as may properly be recovered herein, Plaintiff and Class Members are entitled to recover prevailing party attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

In addition, Plaintiff prays for the following relief:

- For compensatory damages, including back pay, front pay, and other monetary relief, in an amount according to proof;
- For special damages in an amount according to proof;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- For mental and emotional distress damages;
- For punitive damages in an amount necessary to make an example of and to punish Defendant, and to deter future similar misconduct;
- For costs of suit, including attorneys' fees as permitted by law, including those permitted by 29 U.S.C. § 2617(a)(3) and 42 U.S.C. § 12205;
- For an award of interest, including prejudgment interest, at the legal rate as permitted by law;
- For injunctive relief; and
- For such other and further relief as the Court deems proper and just under all the circumstances.

## **TRIAL BY JURY**

57. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: December 7, 2018          **KAZEROUNI LAW GROUP, APC**

                                 By: s/ABBAS KAZEROUNIAN
                                 Abbas Kazerounian, Esq.
                                 Attorneys for Plaintiff JESSE BANAGA
                                 E-mail: ak@kazlg.com

# EXHIBIT A

1.      Plaintiff's "Right to Sue Letter" issued by the Equal Employment Opportunity Commission on September 10, 2018.