# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BANAGA, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | Case No.: 18-cv-02756-GPC-KSC<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF No. 15.]** |

Plaintiff Jesse Banaga was employed at the Government Employees Insurance Company ("GEICO") first as a Customer Service Representative and then as a Sales Representative. Shortly after his promotion to Sales Representative, Banaga began to suffer from acute stress and anxiety which ultimately forced him to take a medical leave of absence. During his absence, Banaga contends that GEICO unlawfully considered FMLA and ADA leaves in determining – through a rating system called a power-selling ratio ("PSR") – both his ability to receive a bonus and the requisite amount, if any, of the bonus payout. Upon his return to GEICO, Banaga further alleges that the Defendant company demoted him from his Sales Representative position. Plaintiff maintains that

this decision was largely motivated by his taking of FMLA and CFRA leave, which in turn impacted his ability to meet the sales quota to remain a Sales Representative. As a result of these claims, Plaintiff now brings his First Amended Complaint, which alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the California Fair Employment & Housing Act ("FEHA"), Cal. Gov't Code § 12940(a).

Presently before the Court is a motion to dismiss Plaintiff Jesse Banaga's First Amended Complaint ("FAC") filed by GEICO on March 15, 2019. ECF No. 15. Plaintiff filed an opposition on April 2, 2019 and Defendant filed its reply on April 16, 2019. ECF Nos. 15 and 18. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

I. BACKGROUND

A. Factual Background

Plaintiff, a resident of San Diego County, brings this action on behalf of himself and others similarly situated against GEICO, a Maryland corporation conducting business in the State of California. FAC ¶¶ 15-16. Defendant GEICO is an auto insurance company that sells insurance policies to consumers through local agents.

On or about April 30, 2001, Plaintiff, a resident of San Diego County, began his employment with Defendant GEICO as a Customer Service Representative. *Id.* ¶ 22. Plaintiff held this position until January 10, 2015, when he was transferred to the Sales Department to begin working as a Sales Representative. *Id.* In early 2017, Plaintiff began experiencing "acute stress and anxiety" and sought FMLA and CFRA leave. *Id.* ¶ 23. Upon GEICO's approval, Plaintiff began taking medical leave under the FMLA and the CFRA in February 2017. *Id.* ¶ 23. The FAC does not indicate the duration of Plaintiff's medical leave.

On August 9, 2017, Plaintiff alleges that he was demoted from his position as a Sales Representative to a Customer Service Representative. *Id.* ¶ 34. Although it is unclear from the FAC when the Plaintiff returned from his medical leave, Plaintiff asserts that his demotion resulted from his "inability to meet the sales quota because Plaintiff was on FMLA and CFRA leave." *Id.*

In the FAC, Plaintiff also alleges that GEICO utilizes a rating system called a PSR to evaluate employees' sales performances and pay entitlements in the Sales Department and "likely other departments in the company." *Id.* ¶ 25. Before calculating bonus payouts for each employee, Defendant sets a quota near the beginning of each selling period. *Id.* ¶ 27. This quota is the same for all employees, regardless of leave status. *Id*. If an employee does not meet the quota for the selling period, they are not eligible for a requisite bonus that corresponds with the selling period. *Id*. According to Plaintiff, meeting this quota qualifies employees as eligible to receive a bonus but does not guarantee that employees will actually receive a monthly bonus. *Id.* Moreover, Plaintiff believes that an employee's performance compared to the quota is also utilized for other employment actions, like promotions and monetary raises.

Whether an employee receives a bonus – and the amount of that bonus – appears to be determined by an individual PSR score. *Id.* ¶ 25. Plaintiff contends that the PSR score considers the number of policies an employee sells in comparison to the number of policies sold by other GEICO employees. *Id*. ¶ 29. Accordingly, Plaintiff asserts that the employee who sells the greatest number of policies during the relevant period will have the highest PSR score for that selling period – and the individual who sells the fewest number of policies will sport the lowest PSR score for the period. *Id.* Once an employee meets the monthly quota to be eligible for a bonus, Plaintiff submits that GEICO will look to the PSR score to make two determinations: (1) if the score is high enough to warrant the payout of the monthly bonus; and (2) the actual bonus amount that an employee will receive. GEICO also does not prorate sales quotas or factor "protected leaves" into PSR scores.

3

As a result, Plaintiff contends that there is a "direct correlation between the number of days that an employee works and both factors that [GEICO] relies on to determine bonus entitlement." *Id.* ¶ 30. Plaintiff alleges that if an employee is "on protected leave pursuant to the FMLA and/or CFRA for a large portion of a month," then it is "highly unlikely (if not impossible) for the employee to reach quota." *Id.* ¶ 31. In addition, Plaintiff asserts that "the number of days that an employee works is also directly related to the likelihood of a high PSR score." *Id.* ¶ 32. Since Defendant does not make adjustments to either the quota or the employees' PSR scores for protected medical and disability leaves, Plaintiff alleges that GEICO unlawfully considers FMLA, CFRA, and/or ADA leaves of absence as negative factors in making employment decisions and determining bonus amounts and entitlements. *Id.* ¶ 26.

Consequently, Plaintiff's First Amended Complaint alleges four causes of action: (1) Violation of the FMLA pursuant to 29 U.S.C. Section 2601, *et seq.*; (2) Violation of the CFRA pursuant to the California Government Code Section 12945.2(a); (3) Violation of the ADA pursuant to 42 U.S.C. Sections 12101 *et seq.*, and (4) Violation of the FEHA, pursuant to California Government Code Section 12940(a).

Plaintiff's Complaint seeks: (1) an order certifying the Class and designating Jesse Banaga as the Class Representative and his counsel as Class Counsel; (2) damages for Plaintiff and proposed class members; (3) injunctive relief enjoining GEICO from continuing the alleged unlawful practices; (4) costs of suit including attorneys' fees as permitted by law. *Id.* at 16-17.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this respect, "[d]ismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to

4

support a cognizable legal theory." *Mendiondo v. Centinela Hosp Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

### III. DISCUSSION

Defendant moves to dismiss Banaga's claims for violations of FMLA, CFRA, ADA, and FEHA on the basis that they lack sufficient factual allegations to state plausible claims for relief. Banaga's claims stem from two forms of harm: (1) denial of a bonus because Plaintiff failed to meet sales goals under a production quota and performance-based rating system; and (2) demotion because Plaintiff failed to meet sales goals as a result of his medical leave of absence. The Court will address Plaintiff's claims in turn.

### A. Banaga's Claims Under the FMLA

Pursuant to 29 U.S.C. § 2612, the FMLA provides for qualifying employees suffering from "serious health condition[s]" the right to take up to 12 weeks of unpaid leave each year provided that they have worked for the covered employer for at least twelve months. 29 U.S.C. § 2612(a). In addition, an employee who takes FMLA leave

5

has the right to be restored to his or her previously-held position of employment (or an equivalent position) from when the leave commenced. *Id.* Employers may not "interfere with, restrain, or deny the exercise of or [] attempt to exercise, any right provided" under the FMLA. *Id. See also* 29 C.F.R. § 825.220(c). Moreover, employers cannot use the taking of FMLA leave as a negative factor in employment actions. *Id*; *see also Festerman v. Cnty. of Wayne*, 611 F. App'x 310, 314 (6th Cir. 2015). However, the FMLA does not entitle an employee to a "greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period." 29 C.F.R. § 825.216(a)(3)(B). Stated differently, the FMLA merely ensures that employees who take leave pursuant to the statute will not find themselves subject to a loss of job security or other adverse employment actions as a result of taking the leave.

Although employees on FMLA leave are typically entitled to any bonus or payment made during their FMLA leave, employers can lawfully withhold a bonus based on the achievement of a specific goal that was not met due to FMLA leave. 29 C.F.R. § 825.215(c)(2). The Court notes that this point is importantly delineated in the current FMLA regulation, which reads:

> "[I]f a bonus or other payment is based on the achievement of a specific goal such as hours worked, products sold or perfect attendance, and the employee has not met the goal due to FMLA leave, then the payment may be denied, unless otherwise paid to employees on an equivalent leave status for a reason that does not qualify as FMLA leave [. . .] For example, if an employee who used paid vacation leave for a non-FMLA purpose would receive the payment, then the employee who used paid vacation leave for an FMLA-protected purpose also must receive the payment."

*Id.* In other words, employers can withhold bonuses from employees taking FMLA leave so long as they treat equivalent employees on non-FMLA leaves in the same manner. The Preamble in the Federal Register further crystallizes this pretension:

> "Allowing an employer to disqualify employees taking FMLA leave from bonuses or awards for the achievement of a specified goal unless the bonus is awarded to

6

employees on FMLA leave puts employees who take FMLA leave on equal footing with employees who take leave for non-FMLA reasons. The Department does not view this as interference because employees taking FMLA leave are not being treated differently than employees taking equivalent non-FMLA leave. Accordingly, employees taking FMLA leave neither lose any benefit accrued prior to taking leave, nor accrue any additional benefit to which they would not otherwise be entitled."

73 ed. Reg. 67934-01, 67985.2 (Nov. 17, 2008).

### 1. GEICO's performance-based bonus calculation methods under the FMLA

In the FAC, Plaintiff first alleges that GEICO's practice for calculating employee bonuses through quotas and PSR scores contravene the FMLA. *See generally*, FAC ¶ 27. Plaintiff contends that since Defendant does not – but could – factor in protected leaves to prorate selling period quotas, employees on FMLA and ADA leave are negatively impacted. ECF No. 17 at 13. Plaintiff argues that Defendant's non-incorporation of protected leaves into PSR score calculations detrimentally affects bonus calculations for employees away on leave. *Id.* As a result, Plaintiff asserts that "the only reason why [he] was denied bonuses was because he took FMLA (and CFRA) approved leave," which constitutes "interference with the right to take, retaliation in violation of, and discrimination for the use of the FMLA." *Id.*

In response, Defendant notes the FMLA allows employers to deny a production bonus to employees who take leave and fails to achieve a performance goal, so long as it treats those employees the same as other employees taking non-FMLA leave. Defendant also cites to legal authority where courts have applied the FMLA bonus regulation in favor of employers who consider FMLA leave in the context of performance-based bonuses. *See, e.g.*, *Jefferson v. Time Warner Cable*, 2012 U.S. Dist. LEXIS 200252, at *4 (C.D. Cal. 2012), *aff'd*, 584 F. App'x 520 (9th Cir. 2014) (holding that because Time Warner's neutral practice of incorporating all leaves – including protected time off – into its commission plan did not unlawfully penalize disabled agents). *See also Thurman v.*

7

*BMO Capital Mkts. Corp.*, 2011 U.S. Dist. LEXIS 27723 (N.D. Ill. 2011) (granting motion to dismiss employee's complaint bringing an FMLA claim on the grounds that he received a smaller performance bonus due to FMLA leave).

This Court, like in *Time Warner Cable* and *Thurman*, finds that Plaintiff's allegations describe behavior – failure to pay a bonus – expressly permitted by FMLA. The on-point law is clear: an employer can lawfully withhold a bonus based on achievement of a specific goal that was not met due to FMLA leave. Stated differently, an employer can withhold a bonus from an employee taking FMLA leave, so long as it treats equivalent non-FMLA leave in the same way. And while employers are "free" to prorate bonuses or awards to factor in medical leaves, the Court is aware of no authority that required them to do so under law. *See* 73 Fed. Reg. 67934-01, 67985.2. Plaintiff does not dispute that Defendant's bonus entitlement policies and practices are neutral with respect to leaves of absence. Nor does he assert that only those taking FMLA leave are penalized under the PSR metric system by virtue of their consequent failure to meet selling period quotas. Indeed, Plaintiff himself articulates in the FAC that GEICO's sales quota "is the same for all employees," regardless of any leave of absence taken. FAC ¶ 27. Plaintiff also points out that "employees on protected leaves are measured against the same quota as employees not on protected leaves." *Id.* ¶ 27. And finally, Plaintiff's own factual contentions further support that PSR scores are calculated in the same way for all employees, whether they are away on statutorily protected absences, vacation time, sick time, or otherwise. *Id.* ¶ 25.

Accordingly, the Court concludes that Plaintiff's first FMLA claim fails as a matter of law because the heart of it –that GEICO prohibited him from earning bonuses while on protected leave – is not cognizable under the FMLA. No additional amendment to Plaintiff's pleading could overcome this defect. As such, the Court **DISMISSES with prejudice** Plaintiff's FMLA claims that are premised on GEICO's reason-neutral bonus and performance evaluation practices.

//

## 2. Plaintiff's demotion allegations under the FMLA

Plaintiff contends that his August 2017 demotion from Sales Representative to Customer Service Representative constitutes an additional violation of the FMLA. Plaintiff posits that GEICO demoted him after he took sanctioned leave due solely to his inability to meet the sales quota and in doing so, unlawfully used the taking of FMLA leave as a negative factor in employment decisions. To show interference with his FMLA rights, Plaintiff evinces that circumstantial evidence of his demotion upon his return from leave for performance deficiencies suffices as proof that taking FMLA-protected counted against him in his demotion. According to Plaintiff, "proximity" could be considered "circumstantial evidence" that the leave request factored negatively in the Defendant's decision to demote Plaintiff. *See* ECF No. 17 at 14. *See also Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1137 (9th Cir. 2003).

Once again, GEICO responds that Plaintiff's demotion from Sales Representative to Customer Service Representation does not violate the FMLA since Plaintiff has not articulated that the company treated him differently during his medical leave from others on other forms of leave in taking an adverse action. In addition, GEICO counters that Plaintiff avers in his FAC that his demotion to Customer Service Representative was caused by his inability to meet GEICO's strict sales quota and PSR practices. GEICO refers back to 29 C.F.R. § 825.215(c)(2) in postulating that a strict application of sales quotas falls squarely within the contemplation that performance expectations are not unlawful if employees on FMLA/CFRA leave are treated the same as others. ECF No. 18 at 6. As the FAC is pled, GEICO asserts that Plaintiff cannot state a claim for relief since the performance expectation is neutrally applied and "any sales employee who takes time off work, resulting in low sales numbers, could face demotion." *Id*.

Under Ninth Circuit case law, if an employer uses an employee's taking of FMLA leave as a "negative factor" in making "adverse employment decisions," including hiring, promotions, or disciplinary actions, the employer interferes with the employee's exercise of FMLA rights in violation of § 2615(a)(1). *See Xin Liu*, 347 F.3d at 1133 n. 7. To

establish this type of interference claim, a plaintiff must show that (1) he took FMLA-protected leave and (2) that the taking of the FMLA-protected leave constituted a "negative factor" in an adverse employment decision. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001). It is true that plaintiffs may prove this claim "by using either direct or circumstantial evidence, or both." *Id.*

As an initial matter, the Court notes that it is unable to discern exactly how long Plaintiff was away on designated FMLA/CFRA leave. It is also unclear when Plaintiff returned from his FMLA/CFRA leave of absence. According to the FAC, Plaintiff filed for leave in February 2017. Plaintiff contends that Defendant subsequently granted the request and that then demoted Plaintiff on August 9, 2017, after "approximately 6 months on CFRA leave." FAC ¶ 22. Plaintiff alleges that this demotion came "on the heels" of his "return from FMLA/CFRA" leave. *Id.* As a result of his demotion, Plaintiff asserts that he "lost the ability to earn bonuses." *Id.* Although the FAC is sparse on timing details, the Court can reasonably infer from these facts that Plaintiff believed he was demoted upon returning from about six months of FMLA/CFRA leave.

Unfortunately for Plaintiff, the FMLA – and the CFRA, for that matter – guarantees eligible employees only twelve weeks of unpaid protected leave each year. *See* 29 U.S.C. § 2612(a)(1). *See also Bachelder*, 259 F.3d 1112, 1119 (9th Cir. 2001). Courts have established that once an employee exhausts his FMLA leave, employers are not prohibited from basing adverse employment decisions on subsequent absences. *Fiatoa v. Keala*, 191 Fed. Appx. 551, 553 (9th Cir. 2006) ("[The plaintiff] is not entitled to reinstatement because the leave lasted approximately twenty-eight weeks, which is significant longer than the twelve weeks granted by FMLA"); *Hibbs v. Dept. of Human Resources*, 152 Fed. Appx. 648, 649 (9th Cir. 2005) ("The protections of the FMLA – entitling an employee to return to his job as if he had never left, with equivalent pay, benefits, and other terms of employment – do not survive the expiration of the twelve-week period."). In its present form, the FAC alleges that Plaintiff was away on approximately six months of FMLA/CFRA leave – well beyond the twelve-week

10

statutory protections of the FMLA. By sometime in May of 2017, Plaintiff was outside the purview of the FMLA's guarantees. While employers do not have the right to take adverse actions against employees based on protected FMLA leave already taken simply because they have exhausted their FMLA leave, Plaintiff does not assert that his first twelve weeks of leave wrongfully contributed to his demotion. As it stands, the Court finds that Plaintiff has not put forth a plausible claim under Rule 12(b)(6) that GEICO unlawfully considered his FMLA leave as a negative factor in his demotion. Thus, the Court **GRANTS** this portion of Defendant's motion to dismiss Plaintiff's FMLA claim based on his demotion after approximately six months of sanctioned leave. Because it is not impossible that Plaintiff might overcome the defects detailed herein, dismissal is with leave to amend.

### B. Banaga's Claims Under the CFRA

Similar to the FMLA, California has adopted the CFRA, a separate statutory provision that provides for unpaid leave. Because the FMLA and CFRA statutory schemes mirror each other, courts have found FMLA cases instructive in interpreting CFRA claims. *See Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1202-03 (S.D. Cal. 1998). Moreover, when both claims are brought, courts will typically consider CFRA and FMLA claims together in conjunction because the "CFRA adopts the language of the FMLA and California state courts have held the same standards apply." *See Ely v. Wal-Mart. Inc.*, 875 F. Supp. 1422, 1425 n.6 (C.D. Cal. 1995).

Plaintiff brings the same theories of liability pursuant to both the FMLA and CFRA. In doing so, Plaintiff also discourages the Court from applying federal regulation 29 C.F.R. § 825.215(c)(2) and adopting its analysis under the FMLA claim here. However, there is no basis for this Court to heed Plaintiff's request that this Court ignore federal regulation 29 C.F.R. § 825.215(c)(2) simply because the CFRA does not mention "bonus pay procedures" and is "more generous than the FMLA." Courts have universally considered the two essentially equivalent statutes in tandem, applying FMLA authority and precedent when interpreting the CFRA. *See Mora*, 16 F. Supp. 2d 1192, 1202-03

(S.D. Cal. 1998); *Ely,* 875 F. Supp. 1422, 1425 n.6 (C.D. Cal. 1995). The Court knows of no precedent that supports Plaintiff's threadbare rejection of 29 C.F.R. § 825.215 in evaluating CFRA claims. And finally, the same relevant language appears in both statutes to suggest that application of § 825.215 is apt here: "[a]n employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the . . . leave period." 2 Cal. Code Regs. § 11089(d)(1); 29 C.F.R. 825.216(a). As such, the Court sees no reason to depart from the apposite application of 29 C.F.R. § 825.215.

Since Plaintiff's first theory of liability under the CFRA seeks to impeach the same performance-based neutral bonus policies and practices asserted in the FMLA claim, the Court finds no plausible CFRA claim on the basis of GEICO's bonus performance expectations. Accordingly, the Court **GRANTS** with prejudice this portion of Defendant's motion to dismiss Plaintiff's claims that stem from GEICO's reason-blind quotas and bonus entitlement practices.

The CFRA, like the FMLA, provides a right to a maximum of twelve weeks of unpaid leave in a twelve-month period. Cal. Gov't Code. Section 12945.2(a). In addition, the CFRA statute explicitly explains that CFRA and FMLA leaves run concurrently. Cal. Gov't Code Section 12945.2(s) ("The aggregate amount of leave taken under this section or the FMLA, or both, except for leave taken for disability on account of pregnancy, childbirth, or related medical conditions, shall not exceed 12 weeks in a 12-month period."). Since CFRA and FMLA leaves must run concurrently – and the maximum leave allowance under both is the same – employees are not entitled to more than twelve weeks in a twelve-month period.

Here, the Court will again apply its above reasoning in analyzing the demotion allegations under FMLA. Plaintiff brings the same allegations that GEICO unlawfully used his medical leave of absence as a negative factor that led to his demotion. Plaintiff also asserts that GEICO "refused to grant Plaintiff his full entitlement under the CFRA." FAC ¶ 60. The Court finds this claim to be a non-sequitur. Under the CFRA, Plaintiff is

not entitled to additional time off beyond the FMLA's twelve-week sanctioned leave. After twelve weeks, employers are not prohibited under either the CFRA or the FMLA from basing adverse employment decisions on subsequent absences. Since Plaintiff was well beyond the protected twelve-week period, he fails to state a plausible claim for relief that his demotion was the wrongful result of his medical leave. Accordingly, the Court **DISMISSES with leave to amend** Plaintiff's CFRA claims based on his demotion after approximately six months of sanctioned leave.

### C. Banaga's Claims Under the ADA

Under the ADA, employers are prohibited from discriminating "against a qualified employee on the basis of disability" with respect to "job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prevail on an ADA claim, Plaintiff must establish that he: (1) has a disability; (2) is a qualified individual capable of performing the essential functions of the job either with or without reasonable accommodation; and (3) was unlawfully discriminated against because of his disability. *Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246, (9th Cir. 1999). Absent a demonstration that doing so would impose undue hardship, an employer must make reasonable accommodations to a qualified individual with a disability. 42 U.S.C. § 12112(b)(5)(A).

In the FAC, Plaintiff asserts that the same two allegations under the FMLA also contravene the ADA: (1) denial of a bonus because Plaintiff failed to meet sales goals; and (2) demotion because Plaintiff failed to meet sales goals as a result of his medical leave of absence. Specifically, Plaintiff avers that Defendant's refusal to adjust sales quotas and PSR scores to take into account protected leaves or modified work schedules constitutes disability discrimination. In addition, Plaintiff submits that GEICO's decision to demote Plaintiff "on the heels" of his return from FMLA/CFRA leave qualifies as discrimination "against an [ ] employee on the basis of disability." FAC ¶ 35.

GEICO moves to dismiss Plaintiff's ADA claims on several grounds. First,

GEICO argues that the claims are time-barred on the basis that Plaintiff did not timely file his Equal Employment Opportunity Commission ("EEOC") complaint to cover the allegations in question. ECF No. 15 at 12. Next, GEICO contends that the FAC is devoid of the requisite specifics as to timing and conduct that underlie Plaintiff's ADA claim. *Id.* at 12. According to GEICO, Plaintiff's cursory allegations that disabled individuals are "negatively impacted by Defendant's bonus/pay system" do not implicate any disability discrimination law. *Id.* at 12-13.

Plaintiff does not counter Defendant's arguments that his claims are time-barred in his responsive pleading. *See generally*, ECF No. 17. In order to bring a lawsuit under the ADA, the Court agrees with GEICO that Plaintiff must file a claim with the EEOC within 180 days of the alleged discrimination act or within 300 calendar days of the alleged discriminatory act if he has filed state charges with the California Department of Fair Employment and Housing ("DFEH"). 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117 (noting that the ADA incorporates the procedures set forth at 42 U.S.C. § 2000e-5). ECF No. 15 at 12. On June 26, 2018, Plaintiff obtained his EEOC Charge. FAC ¶ 9. Although the DFEH charge is not included in the FAC, Plaintiff indicates that he also obtained his DFEH "right to sue" letter on the same date. ECF No. 17 at 23. Under the applicable 300-day statutory limitation period, the Court finds that Plaintiff's Charge was timely only with respect to potential ADA claims that occurred on or after August 30, 2017. *See Wyatt v. City of Burlingame*, 2017 WL 565303 at *4 (holding that since Plaintiff's DFEH Complaint was filed more than 300 days after her constructive discharge, her ADA claims from her termination were time-barred). *See also AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002) (stating that each discrete act "starts a new clock for filing [a] charge [ ] alleging that act").

Plaintiff's demotion occurred on August 9, 2017. According to the FAC, his medical leave of absence began in February and appears to have ended shortly before his demotion. Claims that stem from his inability to collect bonus payments while on FMLA/CFRA leave presumably occurred prior to his demotion. As the FAC is pled, the

14

Plaintiff does not contend that any discriminatory act happened after his demotion and after August 30, 2017. *See generally,* FAC. Since Plaintiff may only bring claims under the ADA for wrongful acts that occurred on or after August 30, 2017, the Court finds at this stage that Plaintiff is time-barred from bringing these present allegations. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the Plaintiff's ADA claims. Since these claims are statutorily untimely and cannot be cured through amendment, Plaintiff's ADA claims will be dismissed with prejudice.

### D. Banaga's Claims Under the FEHA

Under the FEHA, California's statutory provision that mirrors the ADA, it is unlawful for an employer to "discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of an employee's physical disability, mental disability, or medical conditions. Cal. Gov't Code § 12940(a). To state a case for discrimination under the FEHA, plaintiffs must allege they were (1) members of a protected class; (2) qualified for the position they sought or were performing competently in the position they held; (3) suffered an adverse employment action; and (4) the employer acted with a discriminatory motive. *See Lawler v. Montblac N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000). An "adverse employment action" must be both substantial and detrimental, and conduct that is minor or trivial is insufficient to meet this standard." *See Horsford v. Bd. Of Tr. Of Cal. State Univ.*, 132 Cal.App.4th 359, 33 Cal.Rptr.3d 644 (2005).

The fact that the FEHA and the ADA are nearly identical is no coincidence but rather "reflects the Legislature's deliberate effort . . . to conform the FEHA to this ADA provision." *Green v. State of Cal.*, 42 Cal. 4th 254, 263 (2007). Thus, similar to the relationship between the FMLA and the CFRA, courts have found that "because the FEHA provisions relating to disability discrimination are based on the ADA, decisions interpreting federal anti-discrimination laws are relevant in interpreting the FEHA's similar provisions." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 n.6 (9th Cir. 2001); *see also Kannan v. Apple, Inc.*, 2018 U.S. Dist. LEXIS 135618, at *12 (N.D. Cal.

2018). However, courts in this circuit have also noted that "in a number of instances [,] FEHA's anti-discrimination provisions provide even greater protection to employees than does the ADA." *Diaz v. Fed. Express Corp.*, 373 F.Supp.2d 1034, 1053 (C.D. Cal. 2005).

In addressing the same two allegations that Plaintiff now brings under the FEHA, GEICO contends that Plaintiff has not pled administrative exhaustion of his state disability claims. GEICO also asserts that since Plaintiff alleges a neutral practice by GEICO without discriminatory motive, no legal authority supports Plaintiff's postulation that GEICO's practices violate any discrimination law.

**A. Administrative Exhaustion under the FEHA**

The Court disagrees with Defendant's contention that Plaintiff has insufficiently exhausted his administrative remedies under the FEHA. To exhaust administrative remedies under the FEHA, a plaintiff must file an administrative complaint with the DFEH within one year of the alleged unlawful employment practice and obtain a notice of right to sue. Cal. Gov't Code § 12960(b) through (d). Although Plaintiff has not provided a DFEH "right to sue" letter in his FAC, he submits in his opposition that he filed dual charges with both the DFEH and the EEOC on June 26, 2018. ECF No. 17 at 17. He also indicates that the DFEH issued a "right to sue" notice issued on that same day. *Id*. Since the Court must take all allegations of material fact as true and construe them in the light most favorable to the non-moving party under Rule 12(b)(6), the Court will accept the veracity of Plaintiff's claim that he filed a complaint with the DFEH on June 26, 2018, and that a DFEH right to sue letter was subsequently issued. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vigano v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). Accordingly, the Court find that Plaintiff has satisfied his obligation to exhaust administrative remedies with respect to claims between June 26, 2017 and June 26, 2018.

**B. Discriminatory Conduct under the FEHA with Respect to GEICO's Bonus Policy and Practice**

However, the Court finds that Plaintiff's FEHA allegations of discriminatory conduct are insufficient to support a plausible claim for relief. In looking to the FAC, the Court is unable to identify discriminatory animus or a causal link between intent to discriminate and an adverse employment action. Taken as true, Plaintiff's allegations against GEICO uniformly intimate a neutral policy and practice with respect to sales quotas and PSR scores. Plaintiff does not plead that GEICO's reason-blind bonus policies and practices single out or adversely impact employees on the basis of disability. Indeed, the facts suggest company behavior that is no more discriminatory than what the Court contemplated in *Jefferson v. Time Warner Cable* when it concluded that Time Warner's performance-based Scorecard sales policy did not unlawfully penalize disabled employees. 582 Fed. Appx. 520, 522 (9th Cir. 2014). Like the facts presently before the Court, Time Warner did not modify its production-reliant bonus policy for disabled employees. *Id.* There, the Court found in favor of the Defendant at the summary judgment stage on the basis that the Plaintiff did not provide any evidence that a facially neutral policy falls more harshly on a protected group than the whole under the bonus policies. *Id.* Here, the Plaintiff does not even articulate a discernable disparate impact theory – or any other theory – that GEICO's quotas and PSR rating system discriminate on the basis of disability.

### C. Discriminatory Conduct under the FEHA with Respect to Plaintiff's Demotion[1]

Plaintiff also neglects to state a plausible claim that his demotion qualifies as unlawful discrimination against his disability. To establish a survivable claim for FEHA discrimination, the Plaintiff must allege facts that support a finding that the defendant

---

[1] The Court notes that Plaintiff's FAC is unclear and imprecise throughout, but particularly with respect to the pursuant FEHA claims. As such, the Court is liberally construing the complaint as to plausible theories of discriminatory conduct and retaliation with respect to Plaintiff's demotion under the FEHA. Upon leave to amend, the Court expects that Plaintiff will clarify these theories and better elucidate the claims that Plaintiff seeks to pursue.

acted with discriminatory motive. As pled, the FAC is silent with respect to any allegations that GEICO intended to discriminate – or treated Plaintiff differently – based on his disability. Significantly, the Plaintiff seems to believe that his demotion was a product not of discriminatory intent but of his inability to meet a neutrally-applied strict sales quota. In *Ayala v. Frito Lay*, the Court found that a plaintiff who went on medical leave due to her disability of "anxiety, depression, and post-traumatic stress disorder" did not sufficiently plead that the alleged "adverse employment actions were linked to disability-related discriminatory animus." 263 F. Supp. 3d 891, 907 (E.D. Cal. 2017). This Court finds that *Ayala* is apropos here, where the Plaintiff also merely concludes, without more, that Defendant treated Plaintiff detrimentally. *Id.* Without additional facts that support direct or circumstantial evidence of discriminatory motive, Plaintiff cannot adequately plead his FEHA claims for disability discrimination or for failure to prevent disability discrimination.

### D. Retaliatory Conduct under the FEHA with Respect to Plaintiff's Demotion

Under an alternative theory, Plaintiff appears to make some suggestion in his opposition brief that his demotion may constitute retaliatory conduct under the FEHA. Specifically, Plaintiff argues that the timing between "his return from FMLA/CFRA leave" and his demotion "clearly constitutes discriminating . . . on the basis of disability in violation of the ADA." ECF No. 17 at 11. This theory does not appear in the FAC but the Court will address it briefly.

To establish a prima facie case of FEHA retaliation, a plaintiff must allege and show: (i) that he engaged in a protected activity; (ii) the employer subjected him to an adverse employment action; and (iii) a casual link existed between his protected activity and the employer's action. *See Dawson v. Entek Int'l*, 263 F. Supp. 3d 891, 910. And when "adverse decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000). Although the Plaintiff has adequately pled that the defendant was aware of his disability through his

FMLA/CFRA leave request, there is nothing in the FAC that suggests that he was treated differently from others on account of his disability. In the FAC, the Plaintiff postulates that his inability to meet the sales quota while on leave was the pretext for his demotion. As such, it does not follow that Plaintiff was the victim of an adverse employment that stemmed from discriminatory intent.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims under the FEHA, with Plaintiff being granted leave to amend.

### E. CONCLUSION

For the reasons enumerated above in this order, Defendant's motion to dismiss is **GRANTED**. The dismissal as to the FMLA and CFRA claims based on Plaintiff's demotion, as well as Plaintiff's FEHA claims, are without prejudice. If Plaintiff wishes to file an amended complaint, he must do so no later than **within 20 days of this order.**

**IT IS SO ORDERED.**

Dated: June 12, 2019

Hon. Gonzalo P. Curiel
United States District Judge