Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Veronica Cruz, Esq. (SBN 318648)
veronica@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Corey P. Hanrahan, Esq. (SBN 256835)
corey@hanrahanfirm.com
**THE HANRAHAN FIRM**
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 377-6522
Facsimile: (619) 377-6662

Attorneys for Plaintiff,
JESSE BANAGA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFRONIA

| | |
|---|---|
| JESSE BANAGA, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY, <br><br> Defendant. | Case No.: 3:18-cv-02756-GPC-WVG <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. FAMILY AND MEDICAL LEAVE ACT [29 U.S.C. §§ 2601, *et seq*.]; and <br> 2. CALIFORNIA FAMILY RIGHTS ACT [CAL. GOV'T CODE § 12945.2]; <br><br> **[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Plaintiff JESSE BANAGA ("Mr. Banaga" or "Plaintiff") brings this Second Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY ("Defendant" or "GEICO") in intentionally and willfully interfering, discriminating, and retaliating against Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*. ("FMLA") and the California Family Rights Act, Cal. Gov't Code § 12945.2 ("CFRA").

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. The FMLA was enacted to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity. 29 U.S.C. § 2601(b)(1).

4. Like the FMLA, the CFRA was enacted to provide employees with the right to take job-protected medical and family care leave. Cal. Gov't Code § 12945.2(c)(2).

5. Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about June 26, 2018, Plaintiff filed his charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment & Housing ("DFEH").

7. On September 10, 2018, Plaintiff received a "Right to Sue Letter," from the EEOC, attached hereto as Exhibit "A."

8. Attached hereto as Exhibit "B" is Plaintiff's "Notice to Complainant

of Right to Sue" issued by the DFEH.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of the FMLA, 29 U.S.C. §§ 2601, *et seq.*, which is a federal statute.

10. This Court has supplemental jurisdiction of the CFRA pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because (i) the events giving rise to Plaintiff's claims occurred in this District; (ii) Plaintiff resides in this District; and (iii) Defendant transacts business within this District.

12. Upon information and belief, Defendant regularly and continuously conducts business within this District, and thus, personal jurisdiction is established.

## PARTIES

13. Plaintiff, at all times mentioned herein, is and was a resident of the County of San Diego, in the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant is a Maryland corporation doing business in the State of California, County of San Diego.

15. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4). At all times relevant, Defendant engaged in commerce or in any industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or proceeding calendar year.

16. Defendant is an "employer" as defined by 2 Cal. Code Reg. § 11087(d)(1). At all times relevant, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

17. Defendant is a covered "employer" as defined by Cal. Gov't Code § 12926(d) because it regularly employs five or more persons for each working day in any 20 consecutive calendar weeks in the current and/or previous calendar year.

## FACTUAL ALLEGATIONS

18. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

19. Plaintiff began his employment with GEICO on or about April 30, 2001 as a Customer Service Representative.

20. In January 10, 2015, Plaintiff was transferred to the Sales Department where he worked as a Sales Representative.

21. In 2017, Plaintiff began experiencing acute stress and anxiety.

22. As a result, in or around February 28, 2017, Plaintiff filed for intermittent leave as permitted under the FMLA and the CFRA. Under the FMLA and the CFRA, intermittent leave is qualifying leave taken in separate blocks of time due to a single qualifying reason.

23. Plaintiff's request for intermittent leave was subsequently granted by GEICO and Plaintiff began taking intermittent FMLA/CFRA leave as requested by his physician, who authorized Plaintiff to take at least 3 days off per month until February 28, 2018.

24. From in or around February 28, 2017 to in or around January of 2018 Plaintiff utilized his intermittent leave. Under the FMLA and the CFRA, only the leave *actually taken* is counted toward the total 12-week leave entitlement.

25. During Plaintiff's employment with GEICO, he performed his job duties in a capable and competent manner.

26. GEICO utilized a specific calculation to determine employee pay entitlement for individuals in the Sales Department, and likely other departments. During Plaintiff's employment with Defendant, Defendant utilized a rating system referred to as the "Power Selling Ratio" ("PSR") score. The PSR score is directly

impacted by an employee's attendance during the selling period.

27. Importantly, GEICO does not make adjustments to employees' PSR scores (or any factors that go into the calculation) to factor in protected leaves, such as leave pursuant to the FMLA and/or the CFRA. Therefore, performance standards are directly and negatively impacted by protected leaves, such as those pursuant to the FMLA and the CFRA, including intermittent leaves.

28. Defendant sets a "quota" at, or near, the beginning of a selling period for individuals in Defendant's Sales Department, and likely other departments (e.g., an employee is expected to sell 80 policies over the course of the month). This quota is the same for all employees and is not set specifically for any certain employee or category of employees (therefore, employees on protected leaves are measured against the same quota as those employees not on protected leaves). An employee's performance is then measured against that quota. Plaintiff is informed and believes and thereon alleges that an employee's performance compared to the quota is wrongfully utilized to make employment decisions, like promotions and demotions.

29. The PSR score is a factor that considers the number of policies an employee sells compared to the number of policies sold by other of Defendant's employees. Therefore, the person with the greatest number of policies sold during a selling period will have the highest PSR score, and the person with the least number of policies sold during that same selling period will have the lowest PSR score.

30. Therefore, there is a direct correlation between the number of days that an employee works and both factors that Defendant relies on to determine performance, which is then used in making employment related decisions, like promotions and demotions.

31. First, the number of days that an employee works is directly related to the likelihood of selling policies above the set quota. If an employee is on

protected leave, including intermittent leave, pursuant to the FMLA and/or CFRA for a large portion of a month, despite it being protected leave, it is highly unlikely (if not impossible) for the employee to reach quota. As stated herein, although Defendant could factor in the employee's protected leave to prorate the quota, it does not. Therefore, employees who are on protected leave pursuant to FMLA and/or the CFRA are being negatively impacted by Defendant's rigid, set quota.

32. Second, the number of days that an employee works is also directly related to the likelihood of a high PSR score. Once again, while Defendant has the ability to factor in protected leaves into the PSR score calculation, it does not. Therefore, pursuant to Defendant's implementation and calculation of the PSR score, employees who are on protected leaves, including intermittent leaves pursuant to the FMLA and/or the CFRA, suffer negative impacts to their PSR scores.

33. Sometime in July 2017, Plaintiff met with his supervisor, Julie Parker ("Mr. Parker"), to discuss his PSR score and sales quota. During this meeting, Plaintiff informed Ms. Parker that he would be unable to meet the sales quota due to his taking of FMLA and CFRA leave.

34. On or around August 7, 2017, Defendant issued a "warning" to Plaintiff for failure to meet his sales quota despite the fact that just a month before Plaintiff had informed Ms. Parker of his inability to meet the sales quota as a result of his medical intermittent leave of absences.

35. On or around August 9, 2017, Defendant demoted Plaintiff from his position as a Sales Representative to Customer Service Representative because Plaintiff was "not cut out for sales" due to Plaintiff's inability to meet the sales quota as a result of Plaintiff's decreased performance based on his use of intermittent FMLA/CFRA leave during the preceding approximately six (6) month period.

///

36. As of August 9, 2017, Plaintiff had not exhausted his FMLA/CFRA leave entitlement.

37. Plaintiff believes and thereon alleges that this adverse employment action constitutes a violation of the FMLA and the CFRA because Defendant used the taking of FMLA and CFRA leave as a negative factor in employment decisions.

38. In demoting Plaintiff due to his inability to meet the sales quota, Defendant is making the use of protected leaves, including intermittent leaves, a negative factor in Plaintiff's, and other employees', employment actions (up to and including demotions and terminations).

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Classes").

40. Plaintiff represents, and is a member of the following Classes:

**FMLA Class**

All current and former employees of Defendant Government Employees Insurance Company who were in a role that utilized quotas and PSR scores that took leave pursuant to the Family and Medical Leave Act ("FMLA") and who were retaliated against for taking FMLA leave within the three years prior to the filing of this Complaint.

**CFRA Class**

All current and former employees of Defendant Government Employees Insurance Company employed in California who were in a role that utilized quotas and PSR scores that took leave pursuant to the California Family Rights Act ("CFRA") and who were retaliated against for taking CFRA leave within one year prior to the filing of this Complaint.

41. Plaintiff does not know the number of members in the Classes, but

believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

42. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, interfered with employees' rights to take FMLA/CFRA leave, including intermittent leave, and retaliated and discriminated against its employees for taking FMLA/CFRA leave, thereby causing Plaintiff and the Class members damages.

43. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Classes definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. **Numerosity**. The joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's employment records.

45. **Existence and Predominance of Common Questions of Law and Fact**. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

  a. Whether, within the three years prior to the filing of this Class Complaint, Defendant retaliated against Plaintiff and Class Members for requesting and taking FMLA leave, including intermittent leave;

  b. Whether, within one year prior to the filing of this Class Complaint, Defendant retaliated against Plaintiff and Class Members for requesting and taking CFRA leave, including intermittent leave;

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

8

      c. Whether the PSR score is directly impacted by an employee's attendance during the selling period;

      d. Whether Defendant makes adjustments to employees' PSR scores to factor in FMLA and/or CFRA leave;

      e. Whether Defendant's compensation considerations and performance standards are negatively impacted by FMLA and/or CFRA leave;

      f. Whether Defendant's conduct was willful;

      g. Whether Plaintiff and the members of the Classes were damaged thereby, and the extent of damages for such violations;

      h. Whether Defendant should be enjoined from engaging in such conduct in the future; and

      i. Whether Plaintiff and the Class members are entitled to any other relief.

46. **Typicality**. As a person who failed to meet his quota or suffered a negative impact to his PSR score for taking FMLA/CFRA intermittent leave, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

47. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes. Further, Plaintiff has

retained counsel experienced in handling class action claims and claims involving violations of employment rights.

49. **Superiority**. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with the FMLA and CFRA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of FMLA and CFRA may be minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

## THE FAMILY AND MEDICAL LEAVE ACT

## [29 U.S.C. §§ 2601, *et seq.*]

51. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

52. An employer is prohibited from interfering with, or retaliating or discriminating against an employee for having exercised or attempted to exercise any FMLA right. 29 U.S.C. §§ 2601, *et seq*.

53. Defendant is an "employer" covered by the FMLA, pursuant to 29 U.S.C. § 2611(4).

54. Plaintiff was entitled to leave under the FMLA, pursuant to 29 CFR 825.114.

55. Defendant engaged in prohibited conduct under the FMLA by interfering, discriminating, and retaliating against Plaintiff and Class Members for having exercised their FMLA rights.

56. As a direct, foreseeable, and proximate result of Defendant's conduct,

Plaintiff and Class Members have sustained and continue to sustain substantial employment benefits and employment opportunities, and Plaintiff and Class Members have suffered other economic losses in an amount to be determined at trial.

57. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered and continue to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to Plaintiff and Class Members' damages to in a sum to be established according to proof.

58. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff and Class Members are entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

59. In addition to such other damages as may properly be recovered herein, Plaintiff and Class Members are entitled to recover prevailing party attorneys' fees, expert witness fees, and costs pursuant to 29 U.S.C. § 2617(a)(3).

## SECOND CAUSE OF ACTION
## CALIFORNIA FAMILY RIGHTS ACT
### [Cal. Gov't Code § 12945.2]

60. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

61. Plaintiff was eligible for medical leave. Plaintiff worked for Defendant for more than 12-months, and had worked more than 1,250 hours in the previous 12-month period. Additionally, at the time that Plaintiff requested leave pursuant to the CFRA, Defendant employed more than 50 employees within a 75-mile radius of Plaintiff's worksite.

62. Defendants refused to grant Plaintiff his full leave entitlement under the CFRA. Instead, Defendant demoted Plaintiff's after approximately six (6)

months on intermittent CFRA leave.

63. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at trial.

64. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to Plaintiff's damages to in a sum to be established according to proof.

65. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

66. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees and costs pursuant to Government Code § 12965(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

**In addition, Plaintiff prays for the following relief:**

- For compensatory damages, including back pay, front pay, and other monetary relief, in an amount according to proof;
- For special damages in an amount according to proof;
- For mental and emotional distress damages;

- For punitive damages in an amount necessary to make an example of and to punish Defendant, and to deter future similar misconduct;
- For costs of suit, including attorneys' fees as permitted by law, including those permitted by 29 U.S.C. § 2617(a)(3) and Cal. Gov't Code § 12965(b);
- For an award of interest, including prejudgment interest, at the legal rate as permitted by law;
- For injunctive relief; and
- For such other and further relief as the Court deems proper and just under all the circumstances.

## TRIAL BY JURY

67. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 2, 2019                              **KAZEROUNI LAW GROUP, APC**

By: s/ABBAS KAZEROUNIAN
Abbas Kazerounian, Esq.
Attorneys for Plaintiff,
JESSE BANAGA
E-mail: ak@kazlg.com